**AMENDMENT AND EXTENSION OF**
**AIRCRAFT LEASE AND CHARTER AGREEMENT**

**THIS AMENDMENT AND EXTENSION OF AIRCRAFT LEASE AND CHARTER AGREEMENT** is dated effective as of December 08, 2022 (this "**Amendment**"), between Blue Sky Highway, LLC, as lessor (the "**BSH**"), Tycheros Capital Management, LLC ("**TCM**") (BSH and TCM are collectively referred to herein as "**Customer**"), and ATI Jet Inc. ("**ATI**"), with respect to the **Agreements** (described and defined below).

W I T N E S S E T H:

**WHEREAS**, Customer (as applicable) and ATI are parties to the following agreements: (i) that Aircraft Lease (Dry) dated as of December 10, 2020, between ATI as lessee, and BSH, as lessor, and (ii) that Aircraft Operating and Charter Agreement dated as of December 10, 2020 (the "**Charter Agreement**"), between ATI and TCM (each, an "**Agreement**," and collectively, the "**Agreements**"); and which Agreement pertain to that one (1) Learjet Inc. model 60 aircraft bearing manufacturer's serial number 284 and United States Registration No. N461MC, and two (2) Pratt & Whitney model PW305A aircraft engines bearing manufacturer's serial numbers PCE-CA0423 and PCE-CA0425 (described on the pre-populated drop down menu of the International Registry as model PRATT & WHITNEY CANADA model PW300 SERIES, serial numbers CA0423 and CA0425) (collectively, the "**Aircraft**");

**WHEREAS**, Customer acknowledges receipt of ATI's notice of intent to terminate the Agreements, received by Customer via e-mail on November 1, 2022, and subsequently modified via e-mail agreement between Customer and ATI that such termination shall be effective on December 8, 2022, and subsequently further modified via e-mail agreement between Customer and ATI that such termination shall be effective at 11:59 p.m. on December 8, 2022 (the "**Notice**");

**WHEREAS**, Notwithstanding the Notice, Customer and ATI have agreed to defer termination of the Agreements, subject to certain terms noted herein; and

**WHEREAS**, except as otherwise defined in this Amendment, the capitalized terms used herein and not otherwise defined herein shall have the meanings attributed thereto in the Agreements.

**NOW THEREFORE**, in consideration of the mutual agreements contained herein, the parties hereto agree as follows:

**Section 1.**   Extension of the Agreements.  Customer and ATI hereby agree that the Term of the Agreements shall be extended for a new term of ninety (90) days beginning as of the date hereof ("**New Term**"). Upon expiration of the New Term, the Agreements shall terminate as provided therein and subject to Section 4 below.

**Section 2.**   Amendments to Charter Agreement.

(a) The initial clause of Section 1 of the Charter Agreement is hereby deleted in its entirety and replaced as follows:

> 1. **TCM Chartering of Aircraft; Aircraft Rate**. ATI guarantees TCM the use of a Lear 60 from ATI's fleet, provided that TCM provides ATI with 72 hours' notice. If ATI has a Lear 60 aircraft

available with less than 72 hours' notice, an aircraft will be furnished TCM. TCM may request the Aircraft, and if it is available in accordance with the terms hereof, ATI shall furnish the Aircraft to TCM. TCM will pay ATI an hourly rate $4,000.00 (the "Rate") for each Flight Hour.

(b) The term "Base Rate" in the Charter Agreement is hereby deleted in its entirety and replaced with the defined term "Rate" described and defined in Section 2(a) above.

(c) Section 1(a) of the Charter Agreement is hereby deleted in its entirety and replaced as follows:

a. *Second Aircraft*. ATI will furnish two aircraft if available. A second aircraft for the purposes of this agreement is considered occupying a separate aircraft within a 24-hour period. Usage of any second aircraft will be billed at the Rate for each Flight Hour.

(d) Section 2 of the Charter Agreement is hereby deleted in its entirety.

(e) Section 3 of the Charter Agreement is hereby deleted in its entirety and replaced as follows;

3. Taxi Time: TCM will be billed by ATI for actual taxi time, not to exceed 12 minutes per leg, at the Rate.

(f) Sections 4 and 8 of the Charter Agreement are hereby deleted in their entirety.

(g) Section 6 of the Charter Agreement is hereby deleted in its entirety and replaced as follows;

**6. Aircraft Repositioning:** TCM will only be charged for repositioning of aircraft for flights that are empty legs between Cyril E. King Airport ("STT") and Miama-Opa Locka Executive Airport ("OPF") (or reverse itinerary, as the case may be), which will be billed to TCM at the Rate ("Repositioning Fee"). If ATI repositions an empty leg to/from STT to/from a destination other than OPF, TCM shall only be responsible for the lesser of: (i) the estimated flight time between TIST/OPF (or reverse, as the case may be), based on Jet Insight provided fight time for such empty leg (not including taxi time), to be charged at the Rate, or (ii) the actual flight cost attributable to such repositioning empty leg. In no event shall TCM be charged for any repositioning flight that is not an empty leg, nor shall TCM be charged for repositioning an aircraft in connection with any other flight itinerary.

(h) Notwithstanding anything to the contrary in the Agreements, Customer and ATI agree that in no event shall TCM be obligated to pay ATI in excess of the Rate (as described and defined in Section 2(a) above) plus incidental fees (as described in Section 3 and 5 above) for TCM's usage of aircraft under the Charter Agreement.

**Section 3.**     Amendments to Lease.

(a)     Section 20 of the Lease is hereby deleted in its entirety and replaced as follows:

20. **Notices**. All notices and requests hereunder shall be in writing and may be given by U.S. mail, telegram, telex, e-mail or fax, and shall be sent to the addresses hereinabove set forth (or to such other addresses as may hereafter be designated in writing).

**Section 4.**     Ratification.  Except as amended hereby, the Agreements continue and shall remain in full force and effect in all respects and each of the parties hereto confirms and ratifies its obligations thereunder.  From and after the date hereof each and every reference in each Agreement to "this Agreement," "herein," "hereof" or similar words and phrases referring to such Agreement shall be deemed to be a reference to such Agreement as amended pursuant to this Amendment. Nothing in this Amendment shall be construed to relieve either party from its obligations, warranties, covenants or indemnities under either Agreement which are still unsatisfied or which by their terms survive termination of either Agreement and/or from any of its obligations, warranties, covenants or indemnities under either Agreement which may be due after the termination of either Agreement, nor shall anything in this Amendment be construed to waive any rights either party may have under either Agreement, except as amended hereby.

**Section 5.**     Miscellaneous.

(a)     No provision of this Amendment may be changed, waived, discharged, or terminated orally, but only by an instrument in writing signed by the party against which such enforcement of the change, waiver, discharge or termination is sought.

(b)     This Amendment may be signed in counterparts, each of which counterparts, when so executed and delivered, shall be deemed to be an original and all of which counterparts, taken together, shall constitute one and the same Amendment.

(c)     This Amendment shall inure to the benefit of, and be binding upon, the parties hereto and their respective successors and assigns.

(d)     This Amendment shall be governed by the laws of the State of Texas and related federal transportation laws, and any action or proceeding relating to this Agreement shall be filed and maintained in the state or federal courts located in McLennan County, Texas, and each party waives any objection based in jurisdiction or venue.

[Remainder of page intentionally left blank.]

**IN WITNESS WHEREOF**, the parties hereto have caused this Amendment to be duly executed as of the day and year first above written.

| **Blue Sky Highway, LLC** | **Tycheros Capital Management, LLC** |
| as Customer | as Customer |

By: _[signature]_  

Name: <u>Tycheros Capital Management, LLC, its Manager</u>

By: Benjamin Goldmann, It's Manager

By: _[signature]_

Name: <u>Benjamin Goldmann</u>

Title: <u>Manager</u>

**ATI Jet Inc.**
as ATI

By: _Lyle Byrum_

Name: <u>Lyle Byrum</u>

Title: <u>CEO</u>